**The STATE of Ohio, Appellee,**

**v.**

**OSPINA, Appellant.**

[Cite as *State v. Ospina* (1992), 81 Ohio App.3d 644.]

Court of Appeals of Ohio,
Franklin County.

Nos. 91AP–1060, 91AP–1061.

Decided July 2, 1992.

**646**

*Michael Miller*, Prosecuting Attorney, and *Steven L. Taylor*, Assistant Prosecuting Attorney, for appellee.

*Vivyan, Graeff, Rigg & Schneider* and *David J. Graeff*, for appellant.

McCormac, Judge.

Defendant-appellant, Joaquin Ospina, appeals his convictions in the Franklin County Court of Common Pleas of two counts of trafficking in drugs for his possession and sale of cocaine in an amount equal to or greater than one hundred times the bulk amount in violation of R.C. 2925.03(A)(9) and (10). Appellant assigns three errors as follows:

"First Assignment of Error

"Plain error, contra the Sixth Amendment to the United States Constitution, occurs when a confidential informant, who is an active participant in a drug transaction, does not testify at trial involving the transaction at issue.

"Second Assignment of Error

"Prejudicial error occurs in a jury trial when the trial court allows, over objection, the prosecutor to impeach, through cross-examination, the silence of the accused at the time of his arrest when the accused did not speak or comprehend the English language.

"Third Assignment of Error

"The verdict was against the manifest weight of the evidence."

In his first assignment of error, appellant maintains that the state committed plain error which denied him his constitutional right to confront adverse witnesses when it failed to call its confidential informant to testify against appellant at trial. The informant was not a codefendant in appellant's case. Presumably, appellant relies on the plain error doctrine due to his own failure to call the informant as a witness at trial or to otherwise object to her absence at trial.

■    Crim.R. 52(B) allows appellate recognition of error not brought to the attention of the trial court only if it was plain error affecting a substantial right of appellant. Traditionally, notice of plain error is taken with utmost caution only under exceptional circumstances and only when necessary to prevent a manifest miscarriage of justice. *State v. Long* (1978), 53 Ohio St.2d 91, 97, 7 O.O.3d 178, 181, 372 N.E.2d 804, 808. The test is whether, except for the alleged error, the result of the trial would have been otherwise. *Id.*

Appellant relies on *Roviaro v. United States* (1957), 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, and its progeny for the proposition that, in cases such as this, where a controlled sale by a confidential informant is the basis for a defendant's arrest for drug trafficking, the state must actually compel the informant to testify against the defendant at trial in order to prove the crime by sufficient evidence. Appellant maintains that the state's decision to rely entirely on the testimony of the arresting police officer as to the conduct of the informant was prejudicial error.

Generally, the rule is that the state can withhold the identity of a confidential informant unless disclosure is helpful and beneficial to the defense. See *State v. Beck* (1963), 175 Ohio St. 73, 23 O.O.2d 377, 191 N.E.2d 825, reversed on other grounds 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142; *Roviaro v. United States, supra.* In *State v. Phillips* (1971), 27 Ohio St.2d 294, 56 O.O.2d 174, 272 N.E.2d 347, the Supreme Court applied a balancing test to determine whether the identity of the state's confidential informant would benefit the defense. The court weighed the defendant's right to confront adverse witnesses and prepared an adequate defense against the state's right to preserve the anonymity of its informants. The court ultimately held that the disclosure of the identity of the confidential informant was required in *Phillips* because the informant was the only witness and participant to the illegal drug transaction for which the defendant was convicted.

In a subsequent case involving a controlled drug sale by a police informant, the court, in *State v. Williams* (1983), 4 Ohio St.3d 74, 4 OBR 196, 446 N.E.2d 779, adhered to the balancing test announced in *Phillips, supra,* and clarified that the most that is required of the state, in cases where a controlled drug

sale by a confidential police informant is the basis for the charges brought against the defendant, is that the defendant be given access to the testimony of the informer *through revelation of his identity.* See *Williams, supra,* at 78, 4 OBR at 199, 446 N.E.2d at 782 (Brown, William J., dissenting). Once the identity and whereabouts of the informer are revealed to the defendant, defendant's counsel presumably can determine the informant's usefulness in preparing a defense.

The record in this case proves that the identity and whereabouts of the informant employed by the sheriff's department to effectuate the controlled drug sale were revealed to appellant's defense counsel prior to trial. Therefore, the informant in this case was disclosed and no error whatsoever was committed by the trial court in this respect.

Appellant's contention that he was denied the right to confront an adverse witness against him because the prosecution did not call the informant to testify during its case in chief is meritless. Appellant could have subpoenaed the informant to testify on his behalf if he thought her testimony would impeach that of the testifying police officer. Moreover, the state's election not to call the informant as a witness in this case did not render their evidence insufficient to prove the charges against appellant beyond a reasonable doubt.

Finally, as the prosecutor explains, appellant was not denied effective assistance of counsel by his defense counsel's failure to call the informant to testify. It is not an unreasonable defense tactic to elect to impeach the witness produced by the prosecution rather than to discredit the prosecution's witness' testimony with the conflicting testimony of another witness. More importantly, appellant has not demonstrated any prejudice by his trial counsel's failure to call the informant as a witness because there is no showing or reasonable inference that the informant's testimony would contradict that of the police officer. It is more likely that it would only have jeopardized his defense.

For the foregoing reasons, appellant's first assignment of error is overruled.

Appellant's second assignment of error alleges prejudice resulting from the prosecution's cross-examination of appellant, over objection, regarding appellant's silence at the time of his arrest. Appellant specifically objected to the prosecutor's question whether appellant had previously provided the sheriff's department with the same exculpatory version of the events which led to his arrest that he testified to at trial. Appellant objected to the question on the basis that the prosecutor improperly inquired into appellant's post-arrest

silence as forbidden by *Doyle v. Ohio* (1976), 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91, and its progeny. The trial court admitted the cross-examination because it was probative of appellant's credibility in rebuttal to his direct testimony that he was at the site of the drug raid as an innocent bystander.

In *Doyle, supra,* the United States Supreme Court held that testimony of a defendant's post-arrest silence, which also occurs subsequent to the administration of *Miranda* warnings,[1] violates the defendant's privilege against self-incrimination incorporated into the Due Process Clause of the Fourteenth Amendment. The court held that the use of such silence to impeach the defendant's credibility is fundamentally unfair because *Miranda* warnings contain the implicit assurance that silence will carry no penalty. *Id.,* 426 U.S. at 618, 96 S.Ct. at 2245, 49 L.Ed.2d at 422.

The rule announced in *Doyle* was distinguished in *Jenkins v. Anderson* (1980), 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86, wherein the court held that the defendant's privilege against self-incrimination is not jeopardized when he takes the stand in his own defense to offer an exculpatory statement, and the prosecutor chooses to cross-examine the defendant's direct testimony with evidence of the defendant's inconsistent pre-arrest silence. The court ruled that each state is free to fashion its own rules of evidence which would admit or exclude a defendant's pre-arrest silence upon the prosecution's cross-examination of him for impeachment purposes as a prior inconsistent statement. *Jenkins* was a case wherein the defendant's failure to speak occurred before the defendant was taken into custody and given *Miranda* warnings.

■ In this case, the record proved that appellant was arrested as the result of a drug raid. Appellant was interrogated by Franklin County Sheriff deputies following his arrest.[2] Appellee maintains that *Doyle, supra,* is fully inapplicable to this case because the record does not prove that appellant's silence occurred subsequent to the administration of *Miranda* warnings. Appellee relies upon *Fletcher v. Weir* (1982), 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490, for the proposition that no constitutional question is presented by appellant's second assignment of error.

In *Fletcher, supra,* the Supreme Court confronted the situation wherein the defendant's failure to come forth with his exculpatory version of his innocence

---

1. *Miranda v. Arizona* (1966), 384 U.S. 436, 467–473, 86 S.Ct. 1602, 1624–1627, 16 L.Ed.2d 694, 719–723.

2. We reject the prosecutor's assertion that appellant was not subject to a custodial interrogation by sheriff deputies subsequent to his arrest. Appellant's testimony recorded on page 197 of the transcript is proof that the subject matter of the sheriff's questions to him exceeded the booking exception to *Miranda* when appellant was asked, "what he, himself, was doing there [the location of the drug raid]."

occurred after his arrest, but without affirmative evidence in the record that it occurred subsequent to the administration of *Miranda* warnings. The court specifically held that, in the absence of the affirmative assurances embodied in *Miranda* warnings, cross-examination of a defendant who chooses to testify in his own behalf regarding his post-arrest silence does not violate due process of law. *Id.* at 607, 102 S.Ct. at 1312, 71 L.Ed.2d at 494. Therefore, the court equated the type of pre-arrest silence that occurred in *Jenkins, supra,* with post-arrest silence that occurred prior to the administration of *Miranda* warnings, and declared that cross-examination of a defendant's silence without the benefit of *Miranda* warnings is purely a question of evidentiary law.

In *State v. Sabbah* (1982), 13 Ohio App.3d 124, 13 OBR 155, 468 N.E.2d 718, the court adopted the rationale of *Fletcher* and confirmed that no constitutional issue in implicating a defendant's privilege against self-incrimination under Ohio's Constitution is presented when the prosecutor seeks to cross-examine a defendant who takes the stand in his own defense as to his pre-arrest silence for impeachment purposes. *Id.* at 135, 13 OBR at 166, 468 N.E.2d at 730. Thus, the court rejected a *per se* rule that all pre-trial silence is so prejudicial and disproportionate to its probative value that exclusion is warranted in all but exceptional circumstances. *Id.* at 136, 13 OBR at 167, 468 N.E.2d at 730. Thus, it is clear that the actual administration of *Miranda* warnings, rather than arrest and custodial interrogation, triggers the constitutional protection of *Doyle, supra.* Absent *Miranda* warnings, the Supreme Courts of the United States and Ohio have held that there is no government action which induces a defendant to remain silent with an assurance that his silence will not be used against him.

Appellee's assessment of the record in this case is accurate and not even disputed by appellant. The transcript indicates that appellant was probably not administered *Miranda* warnings as he should have been. Appellant specifically testified that he has never received *Miranda* warnings by any of the arresting officers, nor did the police provide an interpreter which was obviously necessary to facilitate their interrogation of appellant. Although the clear implication from the transcript is that appellant's *Miranda* rights were violated, the issue presented by the prosecutor's cross-examination of him comes squarely within the rule of *Fletcher, supra.*[3] Since there is no

---

**3.** We clarify that the rule of *Fletcher, supra,* which permits testimony of a defendant's post-arrest silence during a custodial interrogation without the benefit of *Miranda* warnings allow such testimony to be elicited by the prosecutor only on cross-examination of a defendant who takes the stand to establish a prior inconsistent statement. These cases fall within the impeachment exception to the exclusionary rule. A defendant's post-arrest silence without the benefit of *Miranda* warnings cannot be admitted by the state during its

constitutional question presented by the prosecutor's cross-examination of appellant, we must turn to Ohio's Rules of Evidence to determine whether the cross-examination of appellant's post-arrest silence was improper as appellant asserts that it was. In *Sabbah, supra,* the court instructed the trial courts to determine, on a case-by-case basis pursuant to Evid.R. 403(A), the precise circumstances under which a defendant's pre-arrest silence is so inconsistent with his exculpatory testimony at trial that a reference to such silence is probative of the defendant's credibility or recent fabrication, and acknowledged that the high danger of jury misuse of a pre-arrest silence exists with equal force as with post-*Miranda* silence.

Appellant argues that the prosecutor's cross-examination was inadmissible because it was highly prejudicial as compared to its probative value. Appellant argues that the balancing test of Evid.R. 403(A) compelled the trial court to exclude cross-examination of appellant's failure to provide the arresting officers with the exculpatory statements offered by him at trial because the reason for appellant's failure to provide his exculpatory version at the time of his arrest was his inability to comprehend and speak the English language. Appellant urges that the prosecutor was required to lay a proper foundation that appellant could comprehend and speak the English language before he could proceed with cross-examination of appellant's post-arrest silence in this case. Appellant argues that the prosecutor's cross-examination of his post-arrest silence without first laying a foundation, that appellant understood the English language when, in fact, the prosecutor knew appellant did not comprehend or speak the English language, was tantamount to forcing an admission by appellant that he was involved in the drug activity at the location of the drug raid.

Appellant's assertion that the prosecutor failed to lay a foundation seems to be an attempt to establish that appellant's post-arrest silence was not, in fact, inconsistent with his direct examination and, therefore, the cross-examination was inadmissible for impeachment purposes as a prior inconsistent statement. Appellant's inability to comprehend and speak English is largely undisputed. Nevertheless, appellant's inability to speak English does not, in itself, render his silence inconsistent with his exculpatory direct examination. Rather, his inability to comprehend and speak English merely

case in chief as substantive evidence because of the exclusionary rule. Therefore, we reaffirm our prior decisions in *State v. Gentry* (Nov. 19, 1991), Franklin App. No. 91AP–370, unreported, 1991 WL 249518, and *State v. Russell* (Dec. 30, 1988), Franklin App. No. 88AP–457, unreported, 1988 WL 142070, urged by appellee to be incorrect. In the instant case, the exclusionary rule prohibited introduction by the state in its case in chief of appellant's silence which occurred during the sheriff's custodial interrogation of him because *Miranda* warnings should have been administered.

explains the inconsistency between appellant's post-arrest silence and in-court testimony. Therefore, the prosecutor did not have a duty to lay a foundation that appellant could understand and speak the English language prior to cross-examining him on his post-arrest silence.

Appellant responded on cross-examination through an interpreter that the reason he did not provide the arresting officers with his exculpatory version of the events surrounding his arrest was that the sheriff's deputies would not inform him in Spanish of the reasons for his arrest, nor would they provide an interpreter at any time during their post-arrest interrogations. Moreover, the presence of two interpreters throughout appellant's trial allowed appellant's counsel to easily defeat any inference that appellant's post-arrest silence amounted to an admission of guilt. In short, no prejudice resulted from the cross-examination of appellant for impeachment purposes of his post-arrest silence.

Appellant's second assignment of error is overruled.

Appellant's third assignment of error asserts that the jury's verdict was against the manifest weight of the evidence. The weight to be given the evidence and credibility of witnesses are issues to be decided by the trier of fact; and a reviewing court may not reverse the judgment of conviction in a criminal case where the record shows that a guilty verdict was returned by a jury on sufficient evidence and where no prejudicial error occurred in the actual trial of the case or in the instructions given the jury by the court. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

Appellant's conviction of trafficking drugs for his possession of cocaine in an amount equal to or greater than one hundred times the bulk amount in violation of R.C. 2925.03(A)(9) is fully supported by the testimony of the fingerprint expert which connected appellant to the twenty-five kilos of cocaine seized in the raid of the Bayshire Road residence.

At oral argument, the issue was raised whether appellant's separate conviction of trafficking drugs for sale of cocaine in an amount equal to or greater than one hundred times the bulk amount, or one thousand grams, in violation of R.C. 2925.03(A)(10) is supported by the manifest weight of the evidence because the kilo of cocaine which appellant delivered to the residence on Steven Lane actually weighed 990.5 grams, or whether the evidence supported a conviction under the lesser offense defined in R.C. 2925.03(A)(7). It was also suggested that an "offer to sell" theory is inapplicable to prove the indictment of appellant under R.C. 2925.03(A)(10) because there is no evidence that appellant himself negotiated the sale of one kilo of cocaine to the informant.

In *State v. Yanowitz* (1980), 67 Ohio App.2d 141, 21 O.O.3d 445, 426 N.E.2d 190, the court stated the general rule that the state has the burden to prove the weight of drugs seized when an element of the crime of possession of a controlled substance depends on the amount being equal to or greater than the bulk amount. In *Yanowitz*, the defendant was indicted under R.C. 2925.03(A)(6) for " ' * * * knowingly possess(ing) a controlled substance, to-wit: Marijuana, being an amount equal to or exceeding three times the bulk amount. * * * ' " The bulk amount for marijuana is two hundred grams. The court reversed the defendant's conviction under R.C. 2925.03(A)(6) and remanded the case for sentencing under a lesser offense because portions of the marijuana seized, originally weighed at 1,851.5 grams, included parts of marijuana plants specifically excluded from the unique statutory definition of "marijuana" by R.C. 3719.01(Q).

In this case, there was insufficient evidence to prove that appellant was aware of an offer to sell one kilo. Appellant was shown to only have delivered an amount less than one kilo. Thus, appellant's conviction for trafficking drugs for the *sale* of *cocaine* in an amount equal to or exceeding one hundred times the bulk amount in violation of R.C. 2925.03(A)(10) is not supported by the manifest weight of the evidence on an offer-to-sell theory as expounded in *State v. Scott* (1982), 69 Ohio St.2d 439, 23 O.O.3d 390, 432 N.E.2d 798, where the defendant himself made the offer. The result would be different if it were proved that appellant had been aware of the offer to sell the requisite amount even if the amount actually delivered was less. Thus, the conviction of the sale count is reversed. On remand, the trial court is instructed to resentence appellant on this count for sale of 990.5 grams rather than the superbulk amount of 1,000 grams.

Finally, the conviction of sale under R.C. 2925.03(A)(10) is separate from the conviction for possession under R.C. 2925.03(A)(9). The evidence which supports the conviction for *possession* was the cocaine at the Bayshire residence. The evidence which supports the conviction for *sale* was the cocaine delivered to the Steven Lane residence. Therefore, the two offenses should not be merged, because appellant was convicted of possession of different cocaine from that which he was convicted of selling.

Appellant's third assignment of error is partly sustained and partly overruled.

Appellant's first two assignments of error are overruled. His third assignment of error is partially overruled and partially sustained. The judgment of the trial court for possession of cocaine in the superbulk amount is affirmed. The judgment for sale of cocaine in the superbulk amount is reversed and

conviction of sale in the amount of less than superbulk is to be entered with appellant to be resentenced therefor in accordance with this opinion.

*Judgments partially affirmed and partially reversed.*

JOHN C. YOUNG, P.J., and TYACK, J., concur.