OPINION
Defendant Heath M. Porch appeals a judgment of the Court of Common Pleas of Richland County, Ohio, convicting him of one count of rape in violation of R.C. 2907.02, after a jury returned a verdict of guilty. The jury acquitted appellant of one count of gross sexual imposition in violation of R.C. 2907.05, and could not reach a verdict on a second count of gross sexual imposition. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE VERDICT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO CHARGE THE JURY ON THE LESSER-INCLUDED OFFENSE OF SEXUAL BATTERY.
ASSIGNMENT OF ERROR NO 3
 APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL.
At trial, the State presented evidence appellant forced a woman to perform fellatio on him as he drove her in his car. The alleged victim was originally unable to identify the offender, but eventually, encountered appellant, while he on duty as a Mansfield Police Auxiliary officer. While wearing a wire radio transmitter, she confronted him, and although he acknowledged sexual conduct, he asserted it was consensual. At trial, appellant also defended by testifying the encounter was completely consensual.
 I
In his first assignment of error, appellant asserts the jury's verdict was contrary to the manifest weight of the evidence. At trial, the jury heard a recorded statement made by the appellant to the Mansfield Police Department, in which appellant admitted compelling the alleged victim to perform oral sex. Defense counsel did not object to the admissiion of the statement. At trial, appellant testified he gave the statement under duress when the interrogating officer threatened to arrest him on the spot and put him in jail, in uniform, with a person appellant had just arrested. In rebuttal, the interrogating officer testified he had not turned off the interrogation tape, or brow beat or threatened appellant off the record into making untrue admissions. The officer testified the ten minute time discrepancy between the length of the tape and his hand written notations was simply an error in reading his watch. The officer also testified had he arrested appellant, he would have placed him in a separate cell.
Appellant argues his conviction was against the manifest weight of the evidence because his tape-recorded confession was suspect, particularly in light of his assertion the sexual activity was consensual, and because the State's evidence of force was minimal. In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are both qualitative and quantitative. While sufficiency of the evidence refers to the legal standard which the trial court applies to determine whether the evidence is legally sufficient to support a verdict as a matter of law, weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue. Thompkins, at 386-387.
The jury heard the tapes in question, appellant's explanations, and all the other evidence presented both by the prosecution and the defendant. Weight of the evidence and credibility of the witnesses are issues for the trier of fact,State v. DeHass (1967), 10 Ohio St.2d 230.
We have reviewed the record, and we find there was sufficient competent and credible evidence going to each element of the crime charged to entitle a reasonable jury to render a verdict of guilty. Accordingly, we find the judgment is not contrary to the sufficiency and the weight of the evidence. Accordingly, the first assignment of error is overruled.
 II
In his second assignment of error, appellant asserts the trial court committed plain error by failing to charge the jury on the lesser included offense of sexual battery. Defense counsel did not request such an instruction, and thus we must analyze this assignment of error using the plain error doctrine. Pursuant to Crim.R 52, this court may take notice of plain error which affects a substantial right of the defendant. We should notice plain error only if the alleged error was outcome-determinative,State v. D'Ambrosio (1993), 67 Ohio St.3d 185. Notice of plain error should be taken with utmost caution and only under exceptional circumstances when necessary to prevent a manifest miscarriage of justice, State v. Ospina (1992),81 Ohio App.3d 644.
A trial court should give a jury instruction on a lesser included offense only if the facts warrant it, that is, only where the jury could reasonably conclude the evidence supports a finding of guilt on the lesser included offense, but not on the principal charge, State v. Thomas (1988), 40 Ohio St.3d 213.
At trial, appellant testified his confession had been coerced and in fact, the entire sexual encounter was consensual. We find the evidence presented did not justify a lesser included offense instruction, because appellant's defense was a complete defense to the crime. Accordingly, we find it was not error, plain or otherwise, for the court to fail to instruct on any lesser included offense.
The second assignment of error is overruled.
 III
In his third assignment of error, appellant argues he was denied the effective assistance of counsel. Appellant argues not only did counsel fail to request the lesser included offense instruction, see II, supra, but also, defense counsel made essentially no objections in the presentation of the State's case. At one point, the court called both counsel to the bench, and advised defense counsel there was "a lot of hearsay" being presented. Defense counsel agreed, but asserted he did not object for tactical reasons. On another occasion, the court sua sponte
instructed the prosecutor to be "a little less leading".
In Strickland v. Washington (1984), 466 U.S. 668, the Supreme Court devised a two-prong test for claims of ineffective assistance of counsel. Further, the appellant must demonstrate trial counsel's representation fell below an objective standard of essential duty to the client, and then, must show the defective performance actually prejudiced the appellant's ability to receive a fair trial. Ohio uses the Strickland test, see State v. Bradley
(1986), 42 Ohio St.3d 136. The test for ineffective assistance of counsel is whether there existed a reasonable probability that but for counsel's errors, the outcome of the trial would have been different, Id. This court must defer to strategic choices made by defense counsel, Strickland, supra.
Because we find the facts presented do not warrant a lesser included offense instruction, defense counsel's performance was not defective in failing to request such an instruction. Additionally, counsel's assertions to the trial court that counsel, for strategic reasons, did not intend to lodge an objection to what the court perceived as a potential problem is sufficient to preclude our determination counsel's performance was deficient in this aspect either.
We have reviewed the record, and we find appellant received the effective assistance of defense counsel. Accordingly, the third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., and Reader, J., concurs.
Hoffman, J., concurs separately.