OPINION
Defendant Paul Lang Lee appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of possession of cocaine in violation of R.C. 2925.11, after a jury trial. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. I
 THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL BY THE TRIAL COURT INSTRUCTING ON COMPLICITY WHEN THE EVIDENCE ADDUCED AT TRIAL WOULD ONLY HAVE SUPPORTED THE ALTERNATIVE FINDING THAT APPELLANT ACTED AS THE PRINCIPAL OFFENDER OR AS AN ACCESSORY AFTER THE FACT IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
ASSIGNMENT OF ERROR NO. II
 THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 120 OF THE OHIO CONSTITUTION.
At trial, the State presented evidence on April 23, 1998, Canton Police Officers stopped appellant's vehicle after observing a littering offense. Appellant was driving and Kentrell Wesley was one of his back-seat passengers. When the officers approached the vehicle, they observed a white, chalky residue on Wesley's face and clothes and asked him to step out of the vehicle. When Wesley left the vehicle, the officer saw several rocks of crack cocaine strewn over the seat and floor. Another passenger informed the officer the drugs belonged to Wesley. At this point, appellant was still in the driver's seat of the vehicle. When one of the officers approached appellant, he observed the appellant leaning over to his right, holding a rock of cocaine between his finger and thumb. After the officer removed appellant from the vehicle, he observed a baggie and some rocks of crack cocaine on the driver's seat, in the area that would have been under appellant's body when he was sitting in the seat. Appellant argued to the jury the drugs belong to Wesley, and Wesley had strewn them all over the vehicle in his haste to destroy them before the officers saw them. Appellant explained he was not concealing a rock of crack cocaine in his hand, but rather picked it up to hand to the officer.
 I
In his first assignment of error, appellant argues the court should not have instructed the jury on complicity, because the evidence introduced at trial did not support that charge. The State charged appellant as both the principal and as an aider and abetter in a single-count indictment. Appellant moved for compulsory election or in the alternative for separation of the offenses pursuant to Crim. R. 14 and R.C. 2941.28, but the court overruled the motion. R.C. 2923.03 states in pertinent part:
2923.03 Complicity:
(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following: (1) Solicit or procure another to commit the offense; (2) Aid or abet another in committing the offense; (3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code; (4) Cause an innocent or irresponsible person to commit the offense.
(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense.
Appellant correctly lists the elements of the crime of aiding and abetting: First, the accomplice must possess the mental state required for the commission of the underlying offense, and second, the accomplice must perform some act to facilitate the commission of the principal offense, State v. Coleman (1988), 37 Ohio St.3d 286. The mere presence of an accused where a crime is committed, even coupled with knowledge of the commission, or the mere acquiescence by the accused in the criminal conduct of others is insufficient to establish aiding and abetting, Nye Nissen v. United States (1940) 336 U.S. 613. Appellant urges he was prejudiced by the State's combining the two offenses because some jurors could have voted guilty because they believed appellant possessed the cocaine, while others may have voted guilty because they found appellant aided and abetted Wesley. As the State points out, appellant did not object to the instruction on complicity, and thus we must review this error under the Plain Error Doctrine as contained in Crim. R. 52. The Supreme Court has directed us to take notice of plain error only if the alleged error was outcome determinative, State v. D'Ambrosio (1993), 67 Ohio St.3d 185. Plain error occurs only under exceptional circumstances and must be noticed only to be prevent manifest miscarriage of justice, State v. Ospina (1992), 81 Ohio App.3d 644. The State argues the evidence introduced at trial supported either a finding of possession or complicity. From the evidence presented, the jury could have found appellant assisted Wesley in his possession of cocaine, could have found appellant possessed his own bag of cocaine, or could have found him innocent of both charges. Further, R.C. 2923.03 (F) permits a charge against another be stated in terms of the complicity statute or in terms of the principal offense. The statute gives an accused notice the State will present evidence that he was either a principal offender or an aider and abetter, see State v. Dotson (1987), 35 Ohio App.3d 135. Finally, appellant alleges the court should have instructed the jury on the crime of accessory after the fact. The State points out appellant was never charged with accessory after the fact, codified in R.C. 2921.32 as obstruction of justice. Our review of the record leads us to conclude the State was not required to elect to proceed against appellant as either the principal offender or a person in complicity with the principal offender. We further find the trial court did not err in its instructions to the jury. The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the jury's verdict is against the manifest weight and sufficiency of the evidence presented. The recent case of State v. Thompkins (1997),78 Ohio St.3d 380 explains the qualitative and quantitative differences between the term sufficiency of the evidence and the term weight of the evidence. Sufficiency of the evidence refers to the legal decision the trial court makes on whether the evidence presented is legally sufficient to prove each element of the crime. Weight of the evidence, on the other hand, refers to the issue presented to the jury. It concerns the amount of evidence offered in a trial in support of one side of the issue. A judgment sustained by sufficient evidence may nevertheless be against the weight of the evidence. Appellant concedes Wesley pulled the crack-cocaine from the his sock and put some into his mouth. Appellant argues, however, the evidence showed the crack-cocaine belonged only to Wesley and not appellant. Appellant urges there is no evidence he knowingly procured or received crack-cocaine, or had control of it. The State replies the jury could have believed appellant was sitting on some cocaine, and had some in his hand. The jury could have believed this crack-cocaine was separate and apart from Wesley's cocaine. We have reviewed the record, and we find the State presented sufficient probative and credible evidence on each element of the crime charged to entitle the jury to find appellant guilty beyond a reasonable doubt. Accordingly, we conclude the jury's verdict is neither against the sufficiency nor the manifest weight of the evidence. The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By:
Gwin, P.J., Hoffman, J., and Reader, V.J., concur.