OPINION
Defendant-appellant, Colton Mason, appeals the July 26, 2001 judgment entry of the Franklin County Court of Common Pleas, finding him guilty of abduction and sentencing him to two years incarceration. For the reasons that follow, we affirm the judgment of the trial court.
This case stems from two separate incidents, both occurring at 586 Napoleon Avenue, Columbus, Ohio. The first incident took place December 30, 1999, between appellant and Elaina Worthington, and the second incident took place on January 4, 2000, allegedly between appellant and Elaina's mother, Gale Worthington.
On December 30, 1999, Elaina returned home from a date with her boyfriend, Orlando White. As she was in her room changing her clothes, Elaina heard a knock on her bedroom window. Elaina thought it was Orlando coming back to the house. Elaina went outside and looked around, but saw no one. As she was entering back into the house, Elaina saw someone or something jump from behind a chair on the patio. Elaina ran into the house and slammed the door shut. Elaina then heard someone say, "hey." (Tr. 19.) She opened the door to see who it was. The person identified himself as Colton, Orlando's friend. Elaina opened the door to see what he wanted. Appellant told Elaina that he was running from the police and that he needed to come in the house. Elaina told appellant no because her mother was at home, and she was asleep. Appellant then pulled out a list of credit card numbers and told Elaina that she could work for him. Elaina again told him no and brushed him off. Elaina testified that appellant grabbed her arm, pushed her against the wall of the back porch, slammed her on the patio table and tried to kiss her. (Tr. 19-20, 23-24.) When Elaina screamed, appellant threw her off the table, and told her he would return later. Appellant left and Elaina ran back into the house.
On January 4, 2000, around 1:00 a.m., Gale testified that a man wearing a ski mask entered her home while she was asleep, tied her up, tried to suck on her breasts, and proceeded as though he was going to take off her pajama bottoms. (Tr. 120-125.) Before the intruder left, he had Gale lay face down on the bed, facing the headboard. When Gale heard the intruder leave out the back door, she untied herself and called the police. Gale later identified the intruder to be appellant.
On January 24, 2000, appellant was indicted on three counts of gross sexual imposition in violation of R.C. 2907.05; one count of abduction in violation of R.C. 2905.02; one count of burglary in violation of R.C.2911.12; and one count of kidnapping with specification in violation of R.C. 2905.01. Appellant waived his right to a jury trial and, on July 11, 2001, appellant's case was tried before a judge. Appellant did not testify. At the close of the trial, the judge found appellant guilty of abduction and not guilty on the counts of gross sexual imposition, burglary and kidnapping with specification. On July 26, 2001, appellant was sentenced to two years incarceration. It is from this judgment entry that appellant appeals, assigning the following sole assignment of error:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT ON THE CHARGE OF ABDUCTION WHEN THE JUDGMENT WAS AGAINST BOTH THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE PRESENTED SINCE THERE WAS INADEQUATE PROOF TO SHOW THAT THE DEFENDANT REMOVED THE COMPLAINANT FROM THE PLACE WHERE SHE WAS FOUND.
In his sole assignment of error, appellant challenges the sufficiency and weight of the evidence to support his conviction of abduction. Our review of the record reveals, however, that appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence.
Sufficiency of the evidence tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, syllabus paragraph two, following Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See Thompkins, at 387.
Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. Thompkins, at 387. In so doing, the court of appeals, sits as a "`thirteenth juror'" and, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury [or in this case the trial court] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id. (quoting State v. Martin (1983), 20 Ohio App.3d 172, 175); see, also, Columbus v. Henry (1995),105 Ohio App.3d 545, 547-548. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, at 387.
Appellant was indicted and convicted for abduction, in violation of R.C. 2905.02(A)(1), which provides that:
 No person, without privilege to do so, shall knowingly do any of the following:
 (1) By force or threat, remove another from the place where the other person is found[.]
Here, appellant contends that under the facts presented, the state inappropriately indicted and charged him under the wrong subsection of R.C. 2905.02.[1] Appellant argues that the evidence presented at trial was insufficient and his conviction was against the manifest weight of the evidence because there was a lack of evidence that he removed Elaina from the place where she was found.
As to appellant's contention that he was charged under the wrong subsection of R.C. 2905.02, we note that he raised no objection to the abduction charge of the indictment at trial. Under Crim.R. 12(B) and (G), defects in an indictment must be asserted before trial or they are waived. State v. Mills (1992), 62 Ohio St.3d 357, 363; State v. Brooks (1996), 75 Ohio St.3d 148, 159. Having failed to timely object, appellant waived all but plain error. To constitute plain error, the error must be obvious on the record, palpable, and fundamental such that it should have been apparent to the trial court without objection. See State v. Tichon (1995), 102 Ohio App.3d 758, 767. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. State v. Waddell (1996), 75 Ohio St.3d 163,166. Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Phillips (1995), 74 Ohio St.3d 72, 83; State v. Ospina (1992), 81 Ohio App.3d 644, 647.
Appellant contends that, while Elaina was moved a slight distance within the screened-in patio, the evidence failed to establish beyond a reasonable doubt that he removed her from the inside of the screened-in patio and, as such, she was not removed from the place where she was found. We find that, even if appellant was charged under the wrong subsection of the abduction statute, as he alleges, the evidence presented was sufficient to sustain the conviction under the subsection of the statute he was charged under. Evidence was presented to demonstrate that appellant grabbed Elaina, moved her from the doorway of the screened-in patio, and forced her onto the patio table. While no evidence was presented as to the exact distance between the doorway and the patio table, the fact remains that Elaina was removed from the place where she was found and, as a result, appellant violated R.C.2905.02(A)(1). We have previously held that R.C. 2905.02(A)(1) is violated when a victim is moved a short distance from where she was found. State v. Winchester (Dec. 3, 1981), Franklin App. No. 81AP-166, unreported. Having found no miscarriage of justice, and after viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence that appellant's conduct violated R.C. 2905.02(A)(1). Moreover, appellant's conviction was not against the manifest weight of the evidence. Accordingly, appellant's sole assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, J., concurs.
TYACK, P.J., concurs separately.
[1] Appellant contends that it would have been appropriate for the state to charge him under R.C. 2905.02(A)(2), since Elaina claimed that he forcibly grabbed her, restrained her of her liberty and placed her in fear of rape. R.C. 2905.02(A)(2), which provides that: "(A) No person, without privilege to do so, shall knowingly do any of the following: * * * (2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear[.]" However, since appellant was not indicted, tried, and convicted under subsection (A)(2), we are precluded from addressing and sustaining a conviction of a charge for which he was never tried. Cole v. State of Arkansas (1948), 333 U.S. 196, 201; Columbus v. Fraley (1975), 41 Ohio St.2d 173, 177.