OPINION
{¶ 1} Defendant-appellant, Marvella Johnson, appeals her complicity to aggravated robbery and complicity to felonious assault convictions in the Butler County Court of Common Pleas. We affirm the convictions.
 {¶ 2} On Sunday, July 15, 2001, around 9:15 a.m., Travis Anderson entered the West Chester Donato's restaurant through the back door. He was a former employee of the restaurant. Upon entering, he encountered employees Jennifer Schroeck and Michael Trocchia and chatted with them for ten to 20 minutes. He departed, and moments later Stephen Jackson entered through the same door, wearing a bandana and brandishing a handgun. He was holding Anderson as if he were a hostage.
 {¶ 3} Jackson, while pointing the gun at Schroeck and Trocchia, ordered them to lie down on the floor along with Anderson. He then pulled Schroeck to her feet, commanded "don't do anything stupid or I'll kill you," and demanded that she empty the cash register and safe. She complied and emptied the contents, $2,000 to $3,000 in cash, into Jackson's backpack. Jackson struck both Schroeck and Trocchia twice in the back of the head with the handgun, causing serious injury to each. He also struck Anderson in the back of the head but did not strike him with enough force to cause injury. Jackson left through the back door. Anderson remained in the restaurant, got up and called 911 to summon emergency assistance.
 {¶ 4} During the course of investigating the robbery, police interviewed Anderson. Although he initially maintained that he was a victim, he later confessed that he had planned the robbery along with appellant, his girlfriend, and Jackson, her nephew. The day before the robbery, he, Jackson, and appellant met to plan the robbery. Jackson agreed to supply the gun, while appellant agreed to drive them to Donato's and wait while they robbed the store. While the original plan was for Anderson and Jackson to rob the store immediately upon their arrival, they overslept that morning. A second plan was devised which called for Anderson to drive to the restaurant on his own on the pretext of visiting the Donato's employees. Appellant would then drive Jackson to and from the robbery. Later, at trial, Anderson testified that this plan was indeed carried out, and that appellant gave him $574, his share of the proceeds from the robbery. He also testified that appellant planned to use her friend, India Wood, and India's mother, Misty Wood, to establish her alibi.
 {¶ 5} Subsequent to Anderson's confession, police obtained a search warrant for appellant's residence, where she lived with her mother and father. While at the home executing the warrant, appellant's mother told West Chester Police Sergeant Matt Brillhart that appellant and Jackson had been at her home when the robbery occurred. She added that she had seen them at the home, playing cards. Appellant was in her mother's presence when this assertion was made, and made no protest to her statements. Appellant was later arrested and questioned by police. In a videotaped interview, she told police that she was at the home of her friend, India Wood, when the robbery took place.
 {¶ 6} Appellant was indicted for complicity to aggravated robbery with a firearm specification, and two counts of complicity to felonious assault. She was convicted on all counts by a jury and sentenced accordingly by the trial court. She appeals her convictions, raising three assignments of error.
Assignment of Error No. 1
 {¶ 7} "The trial court erred in allowing Sgt. Brillhart to introduce the hearsay statements of Johnson's mother made during the search of Johnson's residence."
 {¶ 8} Appellant first contends that her mother's statements to Sergeant Brillhart, repeated by him at trial, were hearsay, improperly admitted to bolster Anderson's testimony regarding her alleged alibi.
 {¶ 9} The admission or exclusion of relevant evidence lies within the sound discretion of the trial court. State v. Robb, 88 Ohio St.3d 59,68, 2000-Ohio-275. Thus, a trial court's ruling as to the admissibility of evidence will not be reversed absent an abuse of discretion. State v.Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. More than an error of law or judgment, an abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary or capricious. Statev. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 10} Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Not only must the statement have been made by someone other than the testifying witness, and be repeated by the witness on the stand, but the reiterated statement "must derive its primary value by showing the truth of the matter asserted." State v. Durr (1991), 58 Ohio St.3d 86, 91 citingPotter v. Baker (1955), 162 Ohio St. 488; Digital Analog DesignCorp. v. North Supply Co. (1989), 44 Ohio St.3d 36, 42.
 {¶ 11} Over appellant's objections, Sergeant Brillhart was permitted to testify at trial that appellant's mother told him that appellant and Jackson were at her home on the evening before the robbery and the morning of the robbery. He testified that appellant's mother said she saw them numerous times throughout the night and on the morning of the robbery. The exchange between appellant's mother and Sergeant Brillhart transpired in appellant's presence, and Sergeant Brillhart testified that appellant said absolutely nothing during the course of the conversation.
 {¶ 12} Appellant contends that this testimony was introduced "solely for the purpose of bolstering the testimony of Anderson," who had earlier testified that appellant planned to fabricate an alibi as part of the plot to rob the restaurant. If this were the case, the testimony would have been offered to prove the truth of the matter asserted, i.e. Anderson's testimony that appellant planned to rely on the Woods for an alibi, and would be inadmissible hearsay. See State v. Williams (1988),38 Ohio St.3d 346, 348 (where hearsay evidence is presented to a jury in order to bolster the credibility of a witness' testimony, the statement is inadmissible because it is being offered to prove the truth of the matter asserted, the testimony of the other witness).
 {¶ 13} However, we conclude that the testimony was not offered for this "truth," or any other, and is thus not precluded by the hearsay rules. When viewed in the context of the record, the testimony was not offered to bolster Anderson's testimony. Anderson testified that appellant planned to fabricate an alibi, and intended to rely on the Woods to provide her with this alibi. The fact that appellant's mother provided her with an alternate alibi tends to weigh against Anderson's testimony, not support it. Nor was the testimony offered to prove the truth of the mother's statement, that appellant was with her when the robbery occurred. Rather, the statements were elicited only to demonstrate that conflicting alibis were presented to the police. As such, we conclude that this was a proper use of relevant testimony and its admission was not an abuse of discretion.
 {¶ 14} Appellant next contends that the state improperly used her silence in the above exchange between Sergeant Brillhart and her mother to create the inference that appellant's alibi was false, and therefore, an indication of guilt. Appellant contends that the state is prohibited from using her silence in such an instance as evidence of guilt.
 {¶ 15} In support of this proposition, appellants cites to the following three cases: State v. Gobey (2001), 145 Ohio App.3d 706; Statev. Maggard (June 4, 1999), Montgomery App. No. 17198; State v. Ospina
(1992), 81 Ohio App.3d 644. Each of these cases is easily distinguished from the present case, as each defendant in the above cases was in custody and had received, or should have received, Miranda warnings. In the present matter, appellant's silence introduced by the state through Officer Brillhart's testimony, occurred prior to her arrest, prior to being taken into custody, and prior to a point at which she should have been Mirandized.
 {¶ 16} As a general proposition, a defendant's exercise of the right to remain silent post-arrest, or post-Miranda warnings, may not be used by the state in its case in chief against a defendant. See Wainrightv. Greenfield (1986), 474 U.S. 284, 106 S.Ct. 634; Doyle v. Ohio (1976),426 U.S. 610, 96 S.Ct. 2240. However, appellant's contention, that her silence in the present context cannot be used against her in a criminal prosecution, is misplaced. In this case, no governmental action induced appellant to remain silent before arrest. The failure to speak occurred before she was taken into custody and given Miranda warnings. Consequently, the trial court did not abuse its discretion by admitting testimony related to her pre-arrest and pre-Miranda warning silence.
 {¶ 17} We also reject appellant's contention that the admission of this testimony "forced [appellant] to take the stand in her own defense." The decision to call a witness, including the defendant, during the course of a criminal trial is generally a matter of trial strategy. Statev. Coulter (1992), 75 Ohio App.3d 219; State v. Saah (1990),67 Ohio App.3d 86. The state's introduction of evidence of conflicting alibis did not compel appellant to testify as she remained free to choose a strategy that explained the discrepancy or a strategy that simply allowed the jury to weigh the conflicting evidence.
 {¶ 18} Appellant's first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 19} "The trial court erred in allowing the prosecution to play the videotape of a custodial interview of defendant during its case in chief."
 {¶ 20} In her second assignment of error, appellant contends that the trial court erred by allowing the state, over her objection, to play for the jury a video of her custodial interview. In the video, appellant recollects her movements on the day of the robbery and provides an alibi for herself, stating that she was with India Wood at the Wood residence.
 {¶ 21} A criminal defendant's out-of-court statement, offered against the defendant by the state, is admissible pursuant to Evid.R. 801(D)(2)(a). State v. Thompson (1993), 87 Ohio App.3d 570, 577. This rule permits the admission of such evidence when it is "offered against a party" and is the party's "own statement."
 {¶ 22} While appellant contends that the video recording could not have been offered "against" her because it would tend to support her alleged alibi, Evid.R. 801(D)(2)(a) does not require that the statement to be introduced contradict the defendant's position. Id. Rather, it only requires that the statement be offered against her interest, in support of the state's case. Id. In the present case, the video recording was offered against appellant in order to demonstrate one of two conflicting alibis provided by, or for, appellant. Accordingly, the trial court's decision allowing this evidence to be played for the jury is not an abuse of discretion. Appellant's second assignment of error is overruled.
Assignment of Error No. 3
 {¶ 23} "The trial court erred in convicting Johnson for aggravated robbery and felonious assault is against the manifest weight of the evidence [sic]."
 {¶ 24} In her final assignment of error, appellant argues that her convictions are contrary to the manifest weight of the evidence because the state failed to prove that appellant "was involved in the planning or execution of the robbery."
 {¶ 25} An appellate court will not reverse a judgment in a jury trial as against the manifest weight of the evidence unless it unanimously disagrees with the fact-finder's resolution of any conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380,389, 1997-Ohio-52. The standard for reversal of a verdict which is against the manifest weight of the evidence has been summarized as follows:
 {¶ 26} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 27} In making this analysis, a reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 28} At trial, Anderson testified that appellant was involved in the planning and execution of the robbery, and participated by driving the get-away car. Appellant testified that she was with India Wood, at her home, on the morning of the robbery. Misty Wood, India's mother, also testified that appellant was at her home at the time of the robbery.
 {¶ 29} Considering this evidence, we cannot say that the jury clearly lost its way in finding appellant guilty. The jury was in the best position to judge the credibility of the witnesses and to resolve the conflict in the testimony. Accordingly, we find appellant's conviction for aggravated robbery is not against the manifest weight of the evidence and overrule the third assignment of error.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.