[Cite as *Gibson v. Gibson*, 2017-Ohio-7615.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David T. Gibson, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-65 |
| v. | : | (C.P.C. No. 11DR-2977) |
| Nikki M. Gibson, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 14, 2017

**On brief:** *Elizabeth V. Westfall,* for appellant.

**On brief:** *Law Offices of William L. Geary Co., LPA, Stacey Gilbert,* and *William L. Geary,* for appellee. **Argued:** *Stacey Gilbert.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Plaintiff-appellant, David T. Gibson, appeals from the December 27, 2017 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion for modification of child support. For the following reasons, we affirm the judgment of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant and defendant-appellee, Nikki M. Gibson, were married in 2008, and have a daughter born in September 2008. The marriage was dissolved by a "Decree of Dissolution of Marriage" and an "Agreed Entry - Shared Parenting Decree," filed September 21, 2011.

{¶ 3} As relevant to this appeal, a magistrate's decision was filed on December 27, 2016, denying appellant's motion for modification of child support. The trial court adopted and approved the magistrate's decision the same day. The magistrate's decision specifically contained the following:

> **NOTICE TO THE PARTIES:**
>
> **A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii) or Juv. R. 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b) or Juv. R. 40(D)(3)(b).**

(Emphasis sic.) (Mag.'s Decision at 9-10.)

{¶ 4} No objections were filed. Instead, appellant filed a notice of appeal on January 26, 2017.

## II. ASSIGNMENT OF ERROR

{¶ 5} Appellant assigns a single error for our review:

> The trial court erred in failing to grant a deviation for purposes of child support computation pursuant to the Judgment Entry issued on December 27, 2016.

## III. NO PLAIN ERROR

{¶ 6} Appellant was required to file objections pursuant to Civ.R. 53(D) to preserve his right to appeal to this court, which he failed to do. *Buford v. Singleton*, 10th Dist No. 04AP-904, 2005-Ohio-753. Civ.R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."

{¶ 7} Civ.R. 53(D)(3)(b)(iv) entitled "Waiver of right to assign adoption by court as error on appeal" specifically states that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Because appellant did not file objections to the

magistrate's decision, we review his assignment of error under the plain error standard. *Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933.

{¶ 8}   To constitute plain error, the error must be obvious on the record. *See State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995). In the context of a civil appeal, "an appellate court only applies the plain-error doctrine if the asserted error 'seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Claffey v. Natl. City Bank*, 10th Dist. No. 11AP-95, 2011-Ohio-4926, ¶ 15, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 123 (1997). Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 83 (1995); *State v. Ospina*, 81 Ohio App.3d 644, 647 (10th Dist.1992).

{¶ 9}   In this case, the magistrate considered the parenting time schedule and took into account the needs of the child in terms of school clothing, supplies, fees, and extracurricular activities, all in conjunction with which parent is required to incur the majority of those costs. The magistrate also considered that both parties share living expenses with another person and considered transportation costs. After calculating the amount of child support pursuant to the child support worksheet and considering all the relevant deviation factors, the magistrate found that the guideline amount was appropriate and ordered appellant to pay the same. The trial court adopted, approved, and incorporated the magistrate's decision and made the same "the judgment of this Court." (Decision at 1.)

{¶ 10} On review, we find that the trial court's decision contains no plain error. The trial court did nothing to seriously affect the basic fairness, integrity, or public reputation of the judicial process. Based on the foregoing reasons, appellant's assignment of error is overruled.

**IV. DISPOSITION**

{¶ 11} Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

TYACK, P.J. and KLATT, J., concur.

_____