[Cite as *State v. Clark*, 2014-Ohio-5101.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-142 |
| v. | : | (C.P.C. No. 12CR-2587) |
| Antonio M. Clark, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 18, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Clark Law Office, and Toki Michelle Clark*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Antonio M. Clark is appealing from his multiple convictions of felony charges following a jury trial. He assigns six errors for our consideration:

[I.] THE VERDICT OF GUILTY IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE.

[II.] THE CONVICTION OF APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

[III.] THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE DEFENDANT'S MOTION FOR ACQUITTAL.

[IV.] JUROR MISCONDUCT IS PRESENT WHERE JURY FOREMAN DISTRIBUTES HIS OWN WRITTEN INSTRUC-TIONS WITH THREE JURORS PRESENT IN THE DELIBERATION ROOM.

[V.] THE RULE OF COMPLETENESS IS VIOLATED IN A CRIMINAL CASE WHEN SELECTIVE INFORMATION IS INTRODUCED IN A MANNER PLACING EVIDENCE IN A FALSE LIGHT.

[VI.] THE MERGER OF AGGRAVATED ROBBERY, AGGRAVATED BURGLARY, AND KIDNAPPPING IS PERMISSIBLE.

{¶ 2} There is no serious debate that on March 6, 2011, two Ohio State University ("OSU") students were robbed at gunpoint, and the residence of one of the students was burglarized. At trial, Clark argued that he was not one of the robbers. One of the robbers, Alvin Meeks, testified at trial that Clark was, in fact, part of the group of three who did the robbing and burglarizing.

{¶ 3} One of the items taken was an iPhone with tracking capability. The phone was soon tracked to a Waffle House on the east side of Columbus. This led Columbus police to encounter Meeks and the gold-colored car he owned.

{¶ 4} The police followed Meeks and soon realized that he no longer had the iPhone. Police then tracked the phone to a nearby golf course and encountered two men dressed in black. Upon realizing that police were present, the two men fled. Later, the iPhone was found abandoned.

{¶ 5} Meeks was arrested and, after attempting to exonerate himself with lies, reached an agreement with the prosecutor to be debriefed as to the robberies and to testify at trial against Antonio Clark.

{¶ 6} Meeks claimed that he helped rob the students along with Clark and a friend of Clark's known as "Fuzz." Meeks claimed that Clark had a .38 caliber handgun and that Fuzz had a 9 mm. pistol.

{¶ 7} After the robbery and burglary, the group went to the Waffle House where they encountered the numerous police officers who responded. Meeks claimed that Clark said it was "every man for himself" and grabbed the iPhone before fleeing.

{¶ 8} Based upon Meeks' claims that Clark was involved, police created a photo array and presented it to one of the OSU students. The student was 70 to 80 percent certain that Clark was one of the robbers.

{¶ 9}   Based upon Meeks' claims, Clark was indicted.  The case proceeded to a jury trial twice.  No verdicts were reached at the first trial because the first jury could not agree.

{¶ 10} The case was tried a second time, and the second jury found Clark guilty of all the charges and specifications in the indictment.  Following sentencing, this appeal was initiated.

{¶ 11} The evidence presented at the second trial was sufficient to support the conviction.  Meeks' description of what occurred, coupled with the OSU students' identification of Clark as one of the robbers, was more than sufficient to support the convictions under the legal standard we must apply in addressing the sufficiency of the evidence.

{¶ 12} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict.  *Id.*  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).  The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact.  *Jenks* at 273.  If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant.  *See Thompkins* at 387.

{¶ 13} The first assignment of error is overruled.

{¶ 14} For a Crim.R. 29 motion for a judgment of acquittal to be sustained, the evidence must have been insufficient to convict.  As noted earlier, the evidence was more than sufficient to convict.  Therefore, the trial court was correct to overrule the motion for judgment of acquittal.

{¶ 15} The third assignment of error is overruled.

{¶ 16} The standard for assessing the weight of the evidence is different from the standard for assessing the sufficiency.

{¶ 17} As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996). It was within the province of the jury to make the credibility decisions in this case. *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964) ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.").

{¶ 18} *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991), (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 19} We are not in a position to weigh the evidence in the way the second jury did, especially the testimony of Alvin Meeks. We did not see the live testimony. We can only review transcripts and exhibits. This case does not present one of the rare occasions where we can find the jury's verdicts were against the manifest weight of the evidence because the weight of the evidence totally rests on the credibility of Alvin Meeks.

{¶ 20} The second assignment of error is overruled.

{¶ 21} The fourth assignment of error discusses the way the trial court handled an instance of what could be considered jury misconduct.

{¶ 22} The foreman of the jury brought documents into the room where the jury deliberations were to be conducted. The documents were viewed by the trial court as "completely innocuous." The documents contained information about how to conduct an effective meeting. The focus included insights on how to allow each juror to present his or her point of view on the evidence presented. Clark's trial counsel indicated to the court that the trial counsel viewed the situation to be non-problematic. Given this opinion expressed by trial counsel, plain error had to exist for us to overturn the conviction. We cannot find that plain error is present.

{¶ 23} To constitute plain error, the error must be obvious on the record, palpable, and fundamental such that it should have been apparent to the trial court without objection. *See State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995). Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. *State v. Waddell*, 75 Ohio St.3d 163, 166 (1996). Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 83 (1995); *State v. Ospina*, 81 Ohio App.3d 644, 647 (10th Dist.1992).

{¶ 24} We overrule the fourth assignment of error.

{¶ 25} The fifth assignment of error addresses the appropriate interpretation of Evid.R. 106, which reads:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which is otherwise admissible and which ought in fairness to be considered contemporaneously with it.

{¶ 26} Clark was interviewed by the police on two occasions. The State of Ohio wanted the jury to hear the second interview. Counsel for Clark wanted the jury to also hear the first interview. The State resisted, arguing that the interview was not "otherwise admissible" and, therefore, not something to be placed before the jury.

{¶ 27} As noted in the State's brief, Evid.R. 106 addresses only the timing of when admissible evidence is presented ("to be considered contemporaneously"), not the admissibility per se. Clark's first interview with the police was clearly an exculpatory statement and, therefore, not admissible hearsay. We cannot say that the trial court abused its discretion in refusing the effort of Clark's counsel to place Clark's first statement to police before the jury.

{¶ 28} The fifth assignment of error is overruled.

{¶ 29} The sixth assignment of error addresses what it usually referred to as merger of offenses. In reality, the issue is the interpretation of the multiple-counts statute, R.C. 2941.25, which reads:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 30} This court has " 'consistently applied the two-part test set forth in [*State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314] plurality opinion when conducting allied-offense analysis.' " *State v. Phipps*, 10th Dist. No. 13AP-640, 2014-Ohio-2905, ¶ 62, quoting *State v. Damron*, 10th Dist. No. 12AP-209, 2012-Ohio-5911, ¶ 11, citing *State v. Carson*, 10th Dist. No. 11AP-809, 2012-Ohio-4501, ¶ 16. *Johnson* stands for the proposition that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus.

{¶ 31} Under the two-part *Johnson* analysis, "we first examine whether the offenses are able to be committed with the same conduct." *Damron* at ¶ 11. If it is possible for an offender to commit both offenses with the same conduct, the *Johnson* test then requires the court to determine whether the offenses were, in fact, committed by the same conduct. *Phipps* at ¶ 63. The "same conduct" is " 'a single act, committed with a single state of mind.' " *Johnson* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50. If the answer to both inquiries is yes, the court must merge the offenses as allied offenses of similar import prior to sentencing. *Phipps* at ¶ 63, citing *Johnson* at ¶ 50. Conversely, the offenses will not merge if the court determines "that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense." (Emphasis sic.) *Johnson* at ¶ 51.

{¶ 32} Applying the statute and the two-part *Johnson* test, we agree with the rulings of the trial court, which merged several of the convictions but not all of them.

{¶ 33} The trial court merged Counts 2, 3, and 4 of the indictment. The trial court also merged Counts 6, 7, and 8 of the indictment. Counts 2, 3, and 4 of the indictment are all robbery charges out of an event and involving a single victim. Counts 6, 7, and 8 of the indictment are likewise charges out of a single event and involving a victim.

{¶ 34} The trial court did not merge the remaining robbery charge with an aggravated burglary charge and kidnapping charge with respect to each victim. However, the trial court sentenced Clark for kidnapping concurrent with the associated robbery.

{¶ 35} The trial court did not merge the aggravated burglary charge with the other charges. Aggravated robberies were completed before the group of men decided to enter the residence of one of the OSU students and began participating in an aggravated burglary. The two OSU students were restrained at gunpoint in the house and forced to lie facedown on the kitchen floor. More and different property was taken from the house, specifically a television and digital camera.

{¶ 36} The length of time involved in the burglary made merger inappropriate. Further, the burglary was not incident to the theft at gunpoint, which occurred outside the house. As a result, the trial court could view the robberies and the burglaries as separate crimes, not allied offenses of similar import.

{¶ 37} The sixth assignment of error is overruled.

{¶ 38} All six assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

O'GRADY and LUPER SCHUSTER, JJ., concur.

_____