[Cite as *State v. Ferguson*, 2016-Ohio-363.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                               :

     Plaintiff-Appellee,          :

                                                    No. 15AP-636

v.                                           :     (C.P.C. No. 13CR-2045)

Elizabeth J. Ferguson,                       :     (REGULAR CALENDAR)

     Defendant-Appellant.         :

D E C I S I O N

Rendered on February 2, 2016

*Ron O'Brien,* Prosecuting Attorney*, and *Seth L. Gilbert,* for appellee.

*Gerald Latanich,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Elizabeth J. Ferguson is appealing from her conviction on a charge of theft of a credit card. She assigns five errors for our consideration:

> [I.] THERE WAS INSUFFICIENT AUTHENTICATION FOR THE INTRODUCTION OF THE FLEET MANAGEMENT REPORT INTO EVIDENCE AND FOR TESTIMONY ABOUT IT AT TRIAL.
>
> [II.] THERE WAS INSUFFICIENT FOUNDATION FOR THE TESTIMONY AND ADMISSION INTO EVIDENCE OF THE SPEEDWAY RECORDS AS BEING BUSINESS RECORDS.
>
> [III.] APPELLANT WAS DENIED HER RIGHT TO DUE PROCESS AND ADEQUATE ASSISTANCE OF COUNSEL UNDER THE 6TH AND 14TH AMENDMENTS DUE TO INADEQUATE ASSISTANCE OF TRIAL COUNSEL.

[IV.] THE TRIAL COURT ERRED IN NOT GRANTING THE REQUEST FOR A DISMISSAL BASED ON A CRIMINAL RULE 29 MOTION.

[V.] THE FINDING OF GUILTY BY THE JURY VIOLATED THE ACCUSED'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2} Ferguson was an employee at MU Trucking, a company owned by John Harris. Harris noted some irregularities involving some of the company credit cards. Specifically, Harris noticed some use of the card during a time period when the company was closed.

{¶ 3} Harris started an investigation which resulted in the discovery of several photographs of Ferguson using a company credit card at various Speedway gas stations in central Ohio. The card was not only used to buy fuel for Ferguson's personal vehicle, but also to buy gift cards around Christmas time. This led to the filing of criminal charges against Ferguson.

{¶ 4} At trial, Ferguson testified and claimed she had permission to use one of the company credit cards to compensate herself for extra duties she performed. The jury found her guilty of theft in violation of R.C. 2913.02, a felony of the fifth degree, which implies the jury did not believe her claims of permission to use the card in the way indicated.

## I. NO ADMISSION OF EVIDENCE AT TRIAL CONSTITUTED PLAIN ERROR

{¶ 5} Turning to the individual assignments of error, the first and second assignments of error argue that pieces of evidence, a credit card report and photographs of the credit card being used, were not properly admitted into evidence.

{¶ 6} The central issue presented by the defense during the trial was not the admissibility of business records or the testimony relating to the records, but an explanation of the information contained in the records and an explanation of why Ferguson used the credit cards. This was a legitimate theory for a defense. Given that theory, there was no reason to engage in a series of objections as to whether or not strict compliance with the Ohio Rules of Evidence had been demonstrated. Trial counsel's

theory of the best defense did not correspond with appellate counsel's theory now before us.

{¶ 7}   Because of the theory of the defense at trial, a minimal number of objections were lodged. As a result, the first and second assignments of error are evaluated on appeal under a plain error standard.

{¶ 8}   To constitute plain error, the error must be obvious on the record, palpable, and fundamental such that it should have been apparent to the trial court without objection.  *See State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995).  Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions.  *State v. Waddell*, 75 Ohio St.3d 163, 166 (1996).  Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.  *State v. Phillips*, 74 Ohio St.3d 72, 83 (1995); *State v. Ospina*, 81 Ohio App.3d 644, 647 (10th Dist.1992).

{¶ 9}   We cannot find plain error as to the admissibility of the fleet management report and related testimony.  The report basically was admitted to demonstrate why an investigation was begun.  Other testimony revealed many of the details of the use of the credit cards.

{¶ 10}  The first assignment of error is overruled.

{¶ 11} The photographs of the person using the credit cards were developed through a police investigation.  More detail as to how Speedway keeps its security system functioning and maintains its records was possible, but was not the central point of the case.  The failure t0 call more witnesses had little impact on the outcome, especially since Ferguson admitted to the conduct shown in the photographs.  We fail to find plain error as to the use of the photographs.

{¶ 12}  The second assignment of error is overruled.

## II. FERGUSON WAS REASONABLY REPRESENTED BY COUNSEL

{¶ 13} The third assignment of error basically asserts that trial counsel for Ferguson rendered ineffective assistance of counsel by choosing a theory of defense which

was ultimately rejected by the jury. However, the theory of the defense was clearly reasonable.

{¶ 14} A two-step process is employed when considering allegations of ineffective assistance of counsel. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle*, 48 Ohio St.2d 391, 396-97 (1976), vacated in part on other grounds, 438 U.S. 910 (1978).

{¶ 15} A counsel's performance "will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard or reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus.

{¶ 16} The question is whether counsel acted outside the "wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Appellate courts must be highly deferential in scrutinizing counsel's performance. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight * * *. There are countless ways to provide effective assistance in any given case." *Id.*

{¶ 17} Nothing about the defense's theory at the time made the trial unfair. The defense was simply not believed by the jury. We do not find that counsel's performance or the theory that Ferguson did in fact have permission to make the credit card transactions fell below the standard of reasonable representation.

{¶ 18} The third assignment of error is overruled.

## III. THE VERDICT IS SUPPORTED BY SUFFICIENT EVIDENCE

{¶ 19} The fourth assignment of error argues the trial court erred in not granting a Crim.R. 29 motion for acquittal at the conclusion of the state's evidence. The trial court could have granted a motion for judgment of acquittal under Crim.R. 29 only if the evidence was insufficient to justify a conviction. "Our review of a decision denying a Crim.R. 29 motion for acquittal is the same as a sufficiency review, because a Crim.R. 29

motion tests the sufficiency of the state's evidence."  *State v. Gripper*, 10th Dist. No. 12AP- 396, 2013-Ohio-2740, fn. 1, citing *State v. Berry*, 10th Dist. No. 10AP-1187, 2011-Ohio-6452, ¶ 8; *State v. Reddy*, 10th Dist. No. 09AP-868, 2010-Ohio-3892, ¶ 12.

{¶ 20} When reviewing the sufficiency of the evidence to support a conviction an appellate court must examine the evidence that, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  "The relevant inquiry is whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Id*. The claim of insufficient evidence invokes an inquiry about due process.  It raises a question of law, the resolution of which does not allow the court to weigh the evidence. *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶ 21} Harris testified that only he and the drivers of his company were authorized to use the company credit cards for diesel gasoline, and Ferguson was not authorized to use the card.  Ferguson admitted to making the purchases with the company credit card including purchases of non-diesel gasoline and gift cards.  The evidence here was clearly sufficient to sustain a conviction.  Viewing this evidence in the light most favorable to the prosecution a rational trier of fact could have found the elements to prove theft.

{¶ 22} The fourth assignment of error is overruled.

## IV. THE VERDICT IS SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE

{¶ 23} The fifth assignment of error alleges that the jury's verdict was against the manifest weight of the evidence.  A manifest weight argument, in contrast to a claim of insufficient evidence, requires us to engage in a limited weighing of the evidence to determine whether there is enough competent and credible evidence so as to permit reasonable minds to find guilt beyond a reasonable doubt and, thereby, to support the judgment of conviction.  *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶ 24} In so doing, the court of appeals sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the

evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *Martin* at 175; *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *Martin* at 175.

{¶ 25} As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [, 10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996). It was within the province of the jury to make the credibility decisions in this case. *See State v. Lakes,* 120 Ohio App. 213, 217 (4th Dist.1964) ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness."). *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991) (Even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 26} We bear in mind "the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses." *State v. Mickens*, 10th Dist. No. 08AP-626, 2009-Ohio-1973, ¶ 30, citing *DeHass*. A unanimous concurrence of all three judges on the court of appeals reviewing panel is required to reverse a judgment as a result of a trial by jury as being against the manifest weight of the evidence. *Thompkins* at paragraph four of the syllabus.

{¶ 27} Ferguson admitted that she was the one that made the purchases at the gas stations. The only question to be resolved was whether she had authority to do so. Ferguson stated she did and Harris stated she did not. The jury made their decision and we find that there is enough competent and credible evidence for Ferguson to be found guilty beyond a reasonable doubt.

{¶ 28} The fifth assignment of error is overruled.

## V. CONCLUSION

{¶ 29} Once the photographs of the transactions had been admitted into evidence and Harris identified Ferguson in them, there remained only one real question — who the jury found more credible, Harris or Ferguson. The jury found Harris to be more credible and we find there is competent and credible evidence to support the resulting verdict. Having overruled all the assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed*

BROWN and SADLER, JJ., concur.

————————————